IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 12-cr-00012-PAB-1

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1. YARON "RONI" LEVIN,

     Defendant.
_____

**ORDER**
_____

     This matter comes before the Court on the Motion to Reconsider Request for Appointment of CJA Counsel or the Public Defender's Office [Docket No. 154] filed by counsel for defendant Yaron Levin.

     Counsel's motion asks the Court to reconsider its November 14, 2012 order [Docket No. 152] denying defense counsel's request for the Court to appoint conflict counsel by "defer[ring] final determination until the Court has the opportunity to first communicate with counsel and the Defendant in court and determine if the present conflict between counsel and his client necessitates appointment of counsel for the competency determination . . . ." Docket No. 154 at 2.

     Defense counsel's motion to reconsider puts the cart before the horse. In a criminal case in which the defendant's competency has been called into question, the Court must first determine whether the defendant is competent, *see Godinez v. Moran*, 509 U.S. 389, 401 n.13 (1993); *United States v. Boigegrain*, 155 F.3d 1181, 1185-86

(10th Cir. 1998), and only then address matters related to his representation. Moreover, in addition to the problem with the order in which these issues are addressed, counsel fails to cite any authority that establishes a right to conflict counsel where a defendant's attorney calls into question the defendant's competency. In fact, the court in *Boigegrain* rejected the very argument that counsel proposes. *Id.* at 1188. As noted by the Tenth Circuit in *Boigegrain*, 155 F.3d at 1187, "[r]equiring a lawyer to argue at the direction of one who may be mentally incompetent - that is, one who seems unable to comprehend the nature of the proceedings against him - serves neither the individual client nor the truth-seeking process" (citation omitted). Given that "the defendant's lawyer is not only allowed to raise the competency issue, but, because of the importance of the prohibition on trying those who cannot understand proceedings against them, she has a professional duty to do so when appropriate," *id.* at 1188, conflict counsel, if appointed, would have a professional obligation to do what counsel has done here if he or she has a good faith doubt as to the defendant's competency, namely, raise the issue with the Court. There are both professional and practical reasons to avoid this circularity.

Wherefore, it is

**ORDERED** that defense counsel's Motion to Reconsider Request for Appointment of CJA Counsel or the Public Defender's Office [Docket No. 154] is denied.

DATED November 20, 2012.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge