IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 12-cr-00012-PAB-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. YARON LEVIN,

    Defendant.

---

**ORDER RE BUREAU OF PRISONS' REQUEST
RE START OF EVALUATION PERIOD**

---

    This matter comes before the Court on the request of the warden of the Federal Correctional Complex at Butner, North Carolina to calculate the four-month evaluation period for Mr. Levin to begin on the date of his arrival at the Federal Medical Center at Butner rather than on the date of the Court's competency order. By the Bureau of Prisons' estimation, the Court's granting of this request would mean that the defendant's evaluation period would end on September 5, 2013.

    The Court held a competency hearing on March 8, 2013. At the competency hearing, the Court found by a preponderance of the evidence that Mr. Levin is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See* 18 U.S.C. § 4241(d). By order dated March 8, 2013 [Docket No. 208], the Court committed Mr. Levin to the custody of the Attorney General for placement in a suitable facility for a reasonable time, "not to

exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future" he will attain the capacity to permit the proceedings to go forward.

By letter dated June 17, 2013, the warden of the Federal Correctional Complex, Butner, sent a letter to the Court indicating that Mr. Levin did not arrive at FMC Butner until May 9, 2013. The letter requests that, "in order to provide the Court with a comprehensive evaluation," the Court deem the four-month period under 18 U.S.C. § 4241(d) to begin to run on the date of defendant's arrival at FMC Butner. In other words, the warden asks that the Court run the four-month period in § 4241(d)(1) from May 9, 2013 as opposed to when the Court ordered him committed for purposes of restoring him to competency (i.e. March 8, 2013).

After a Court determines that a defendant is incompetent and commits him to the custody of the Attorney General, the "Attorney General shall *hospitalize* the defendant for treatment in a suitable facility – (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1) (emphasis added). This language has been construed to limit the period of custodial hospitalization to four months, as opposed to imposing a four-month limitation on the amount of time that the BOP has to place a defendant into a suitable facility and complete its evaluation. *See United States v. Magassouba*, 544 F.3d 387, 410 (2d Cir. 2008) (calculating four-month period from date defendant arrived at FMC Butner). Thus, the four-month period for restoration of

2

competency began on May 9, 2013, when the defendant apparently arrived at FMC Butner.

Therefore, the warden's request is granted and it is

**ORDERED** that the Court's Order of March 8, 2013 is modified to allow the director of the facility where the defendant's examination and treatment is conducted to file copies of the report with the Court on or before September 5, 2013.

DATED June 19, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge